IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARVEY A. SMITH, 255581, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-1477-P |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.   Nature of the Case**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

**II.   Procedural Background**

Petitioner does not challenge the validity of his underlying conviction and sentence. Instead, he challenges a prison disciplinary violation, number 20120333833, which he received at the Powledge unit of the TDCJ.

On August 15, 2012, Petitioner was notified that he was being charged with the offense of being out of place. On August 14, 2012, Petitioner was found guilty of the offense. He was sentenced to (1) forty-five days loss of commissary privileges; (2) one day of solitary confinement; (3) a reduction in line class from S4 to L1; (4) suspension of contact visits until November 14, 2012; (5) 40 days of cell restriction; and (6) 40 days loss of good time credits.

On August 15, 2012, Petitioner submitted a Step 1 grievance appealing his disciplinary case. On September 12, 2012, the grievance was denied. On September 14, 2012, Petitioner submitted a Step 2 grievance. On October 11, 2012, the grievance was denied.

On April 30, 2013, Petitioner filed the instant § 2254 petition. He argues:

1. The evidence was insufficient to support the finding of guilt;

2. The investigating officer did not provide him a written statement of the evidence;

3. He was held in pre-hearing detention for more than 72 hours;

4. He was removed from the hearing which was not recorded by the hearing officer; and

5. His parole date was rescinded based on the disciplinary conviction.

### III. Discussion

1. **Good-Time Credits**

Petitioner challenges the loss of his good-time credits. Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In Texas, only those sanctions that result in the loss of good-

time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision because he is serving a life sentence. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir.2002) (stating prisoners sentenced to life in prison are not eligible for mandatory supervised release and therefore have no constitutionally protected interest in such release). Since Petitioner is not eligible for release to mandatory supervision, he fails to state a constitutional claim regarding the loss of good-time credits.

2. **Parole**

Petitioner claims he was initially approved for release to parole, but because of the disciplinary conviction, the approval for parole was rescinded. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Further, prisoners in Texas have no liberty interest in obtaining parole, so they have no claim for violations of due process in the procedures attendant to parole decisions. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Petitioner's claim should be denied.

3. **Remaining Claims**

Petitioner also challenges the loss of commissary privileges, reduction in line classification, loss of recreation privileges, cell restriction, loss of contact visits and his placement in administrative segregation. These claims, however, do not implicate a protected

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

constitutional interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns); *Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008) (finding that in the absence of extraordinary circumstances, administrative segregation does not impose atypical and significant hardship required to trigger due process protection). Petitioner's claims should be denied.

## **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this ___ day of March, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**